**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

BRITTANY JO HURLEY                                                                    PLAINTIFF

v.                                              3:26-cv-00021-BSM-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration,                                                      DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Brian S.
Miller.  The parties may file specific objections to these findings and recommendations and must
provide the factual or legal basis for each objection.  The objections must be filed with the Clerk
no later than fourteen (14) days from the date of the findings and recommendations.  A copy must
be served on the opposing party.  The district judge, even in the absence of objections, may reject
these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

Plaintiff, Brittany Jo Hurley, has appealed the final decision of the Commissioner of the
Social Security Administration to deny her claim for disability insurance benefits and
supplemental security income.  The Administrative Law Judge (ALJ) concluded Plaintiff had not
been under a disability within the meaning of the Social Security Act, because jobs existed in
significant numbers she could perform despite her impairments.  (Tr. 23-33.)

This review function is extremely limited.  A court's function on review is to determine
whether the Commissioner's decision is supported by substantial evidence on the record as a whole
and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is young – only forty years old. (Tr. 47.)  She is a high school graduate, attended college for a year, (*id.*), and has past relevant work as the mayor of Cushman, Arkansas.  (Tr. 31-32, 62.)

The ALJ[1] first found Ms. Hurley has not engaged in substantial gainful activity since her alleged onset date of November 15, 2023.  (Tr. 25.)  She has "severe" impairments in the form of "degenerative disc disease (DDD), osteoarthritis (OA), gastroparesis, depression, anxiety, and

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

neurocognitive disorder." (*Id*.) Next, the ALJ found Ms. Hurley did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 25-27.)

The ALJ determined Ms. Hurley had the residual functional capacity (RFC) to perform a reduced range of light work. (Tr. 27.) Given this RFC finding, the ALJ determined Ms. Hurley could no longer perform her past relevant work. (Tr. 31-32.) Accordingly, the ALJ utilized the services of a vocational expert to help determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 64-77.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of housekeeper/cleaner, cafeteria attendant, and sub-assembler. (TR. 32-33.) Accordingly, the ALJ determined Ms. Hurley was not disabled. (Tr. 33.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 6-10.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues that the ALJ erred in evaluating her RFC and subjective symptoms. (Doc. No. 10 at 7-16.) I have carefully considered Plaintiff's arguments and the Commissioner's response. Although I find this to be somewhat of a close call, "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant." *Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir.2010). And Plaintiff has simply not met this burden.

Ms. Hurley points to the consultative evaluation performed by clinical neuropsychologist, Dan Johnson, Ph.D., as support for her disability. (Tr. 478-481.) She says, "By resolving the question of the Plaintiff's cognitive capacity on the strength of a few benign findings while leaving the contrary, validated testing unaddressed, the ALJ drew an inference the medical evidence did

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

not support and left a conflict in the record unresolved." (Doc. No. 10 at 8.)

About Dr. Johnson's findings, the ALJ said:

At the claimant's December 15, 2023 neurocognitive evaluation, Dr. Johnson noted that the claimant suffered a TBI when she fell head first approximately 18 feet off a cliff in May 2016 and that she was diagnosed with bulging disc approximately 2 years later (Exhibit 7F/3). Dr. Johnson opined that the claimant had several areas of concern, including noticeably problematic short-term memory, poor attention/concentration, notable ease of distraction, difficulties multitasking, and slowed processing speed, with a 64% decline in cognitive efficiency when transitioning from a basic single attentional task to a multi-task platform (Exhibit 7F/5). The undersigned is not persuaded by Dr. Johnson's opinions, as they are inconsistent with the medical evidence of record, including LCSW Mary Banks found the claimant to be somewhat anxious, with appropriate affect, cooperative attitude, growing self-awareness, "showing a new understanding of the complexity of her trauma history," able to articulate her thoughts and feelings well, able to maintain attention and engagement throughout the session, with noticeable restlessness, normal speech, and appropriate behavior (Exhibit 11F/22), as well as APRN Jessica Matthews' findings of obviously normal orientation and fund of knowledge, with a 30/30 score on the MMSE, and the ability to correctly follow a 3-stage command (Exhibit 10F/4-5). Additionally, Dr. Johnson failed to correlate how the claimant managed to serve as the Mayor of Cushman, Arkansas 6 years after the TBI and just 1 year prior to the evaluation.

(Tr. 30-31.)

I realize Plaintiff disagrees, but I cannot find fault with the ALJ's assessment here. I, too, do not find Dr. Johnson's opinion to support a conclusion that Plaintiff is completely disabled. Dr. Johnson only recommended medication management and a follow-up assessment in 3-6 months. (Tr. 480-481.) And as the Commissioner correctly argues:

The ALJ did not ignore Dr. Johnson's findings; he discussed them in detail, including deficits in attention, processing speed, and multitasking (Tr. 30). However, he reasonably found those findings inconsistent with other substantial evidence, including clinical observations that Plaintiff was alert, oriented, able to follow commands, articulate thoughts, and maintain attention during examinations and therapy sessions (Tr. 31).

(Doc. No. 12 at 5.)

Plaintiff fails to recognize that the ALJ found the findings by Plaintiff's treating doctor,

4

Ron J. Bates, D.O. to be persuasive. (Tr. 26, 29.) Dr. Bates did not appear to believe Plaintiff was incapable of all forms of work activities. While he did sign an undated letter stating Plaintiff "is unable to work due to illness," (Tr. 678), he also concluded Plaintiff could return to work on June 24, 2019. (Tr. 685.) Most telling is Dr. Bates treatment note from July 11, 2019, that says, "She is contemplating filing for disability. . . I explained the decision to file for SSD would be hers, but I would make sure I tried all possibilities for treatment, as I have seen that regimen be helpful." (Tr. 681.)

I realize Ms. Hurley suffers from some degree of limitation. I am sympathetic to her claims. But the record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments that I have fully considered and find to be without merit. I find the Commissioner's arguments in his brief to be highly persuasive.

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Again, Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden.

Ms. Hurley's counsel has done an admirable job advocating for her rights.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 30th day of June  2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

6